UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES GRUBB | CIVIL ACTION NO. 22-1445 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| SOUTHERN FARM BUREAU LIFE INSURANCE CO. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion to dismiss filed by Defendant, Southern Farm Bureau Life Insurance Co. ("SFBLIC"), against Plaintiff, Charles Grubb ("Grubb"). [Record Document 10]. Grubb opposes the motion. Record Document 17. For the reasons that follow, SFBLIC's motion is **DENIED**.

## BACKGROUND

Grubb's son, Jason Grubb ("Jason"), applied for life insurance with SFBLIC on September 27, 2019, in Texas. Record Document 1 at 2. SFBLIC issued a policy to Jason on October 10, 2019. *Id.* When Jason died on May 29, 2021, the policy was active, leaving Grubb as the sole primary beneficiary. *Id.* After Grubb submitted a claim for benefits under the policy, SFBLIC notified Grubb of its intention to rescind the policy based on an alleged misrepresentation. *Id.*

Grubb asserts that SFBLIC has breached the policy by failing and refusing to pay him the death benefit and all amounts due under the policy. *Id.* Grubb further claims that Texas law applies, and under Texas Civil Practice & Remedies Code § 38.001, he should recover reasonable attorney's fees. *Id.* Additionally, Grubb alleges that upon receipt of all

items reasonably requested and required under Texas Insurance Code § 542.055, SFBLIC delayed payment of the amounts due under the policy for longer than the time allowed by Texas Insurance Code § 542.058. *Id.* at 4. Accordingly, Grubb claims SFBLIC should provide interest on all amounts due on the policy at the rate of eighteen percent per year, in addition to reasonable and necessary attorney's fees. *Id.* Lastly, Grubb alleges that SFBLIC's failure to pay under the policy violated its duty of good faith and fair dealing and constituted an unfair or deceptive act or practice in the business of insurance under Texas Insurance Code § 541.060. *Id.* at 5.

In response, SFBLIC filed a motion to dismiss all of the aforementioned claims with the exception of Grubb's breach of contract claim. [Record Document 10]. Grubb has filed an opposition, Record Document 17, to which SFBLIC filed a reply in support of its motion, Record Document 18.

## LEGAL STANDARD

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (internal citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all of the factual allegations in the complaint in determining whether a plaintiff has stated a plausible claim. *See Twombly*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court may dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A court does not evaluate a plaintiff's likelihood for success but instead determines whether a plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## LAW AND ANALYSIS

A. Choice of Law

SFBLIC first alleges that Grubb has failed to sufficiently plead that Texas law applies in this case. Record Document 10-1 at 11. Conversely, Grubb alleges that Texas law does apply, but further notes that the choice of law inquiry should not be resolved at the motion to dismiss phase when factual development is necessary. Record Document 17 at 3-4. This Court agrees with Grubb that more factual development is needed. It is undisputed that the law of the forum state, here Louisiana, governs the choice of law inquiry. *See Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014) ("In diversity cases, [the Court] appl[ies] the choice-of-law rules of the forum state in which the federal

3

court sits."). However, the parties dispute what Louisiana's applicable choice of law rule is exactly.

Both parties set forth separate legal standards with SFBLIC alone setting forth two different standards. In SFBLIC's motion to dismiss, it alleges Louisiana's choice of law rules indicate that the governing law is the place where the policy was delivered. Record Document 10-1 at 12. Yet in its response to Grubb's opposition, SFBLIC seemingly shifts its position by claiming the applicable standard may center around the state whose policies will be most impaired if its law were not applied. Record Document 18 at 5. Conversely, Grubb alleges the applicable law is where the policy was issued or executed. Record Document 17 at 3.

SFBLIC is asking the Court to dismiss Grubb's claim that Texas law applies, but it has not given the Court a clear argument as to the standard for determining that Texas law does, in fact, not apply. Nonetheless, SFBLIC is getting ahead of itself by confusing the necessity of Grubb's requisite specificity in his complaint to survive a motion to dismiss with the necessity of proving the factual underpinnings of his claim. The Fifth Circuit has stated that "[c]hoice-of-law decisions can be resolved at the motion to dismiss stage when factual development is not necessary to resolve the inquiry." *Energy Coal v. CITGO Petroleum Corp.*, 836 F.3d 457, 459 (5th Cir. 2016). As previously mentioned, both parties set forth different choice of law standards, but they have not fully briefed whether Texas or Louisiana law applies under any of those standards. *See Mack Energy Co. v. Red Stick Energy, LLC*, No. 16-1696, 2019 WL 4887410, at *9 (W.D. La. Oct. 2, 2019) (finding that deciding the choice of law issues at the motion to dismiss phase was premature because

4

"the parties have not fully discovered or briefed the parties' relationships with the candidate states, Texas and Louisiana").

In fact, Grubb relies only on the documents attached to SFBLIC's motion to dismiss, indicating a need for discovery on this issue. *See* Record Document 17 at 4-5. Accordingly, further factual development through discovery is necessary to resolve this inquiry before the Court can rule on what law is or is not applicable. *Energy Coal*, 836 F.3d at 459. Thus, SFBLIC's motion to dismiss Grubb's claims under Texas law is denied.

B. Statutory Penalty Claims

Next, SFBLIC alleges that all of Grubb's statutory penalty claims should be dismissed. The Court disagrees.

  i. Attorney's Fees under Texas Civil Practice and Remedies Code § 38.001

SFBLIC alleges that Grubb failed to state a plausible claim under Texas Civil Practice & Remedies Code § 38.001, which provides in relevant part that a person may recover reasonable attorney's fees from an individual or organization in addition to the amount of a valid claim and costs, if the claim is for an oral or written contract. Record Document 10-1 at 15. SFBLIC argues that Chapter 38 is inapplicable to contracts issued by an insurer that are subject to the provisions of Texas Insurance Code § 541 and 542,[1] but Grubb highlights a Fifth Circuit case that found in the alternative. *See Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.*, 241 F.3d 396, 397-98 (5th Cir. 2001) (noting that it certified a question to the Supreme Court of Texas where the court answered that if a policyholder

---

[1] *See* Tex. Civ. Prac. & Rem. Code § 38.006 (noting Chapter 38 "does not apply to a contract issued by an insurer that is subject to the provisions of . . . Chapter 541, Insurance Code . . . [and] Subchapter B, Chapter 542, Insurance Code.").

5

is successful "in a suit for breach of contract against an insurer that is subject to the provisions listed in § 38.006, the insurer is liable for reasonable attorney's fees incurred pursuing the breach-of-contract action under § 38.001 unless the insurer is liable for attorney's fees under another statutory scheme.").

Relevant here, Grubb is pursuing a breach of contract action against SFBLIC, an insurer who is subject to the provisions of both Chapter 541 and Subchapter B, 542, which are both listed in § 38.006. *See* Tex. Ins. Code § 541.001 (indicating the purpose of the chapter is to regulate trade practices in the insurance business); *see also* Tex. Ins. Code Ann. § 542.052 (indicating that the subchapter applies to life insurance companies). Accordingly, if Grubb proves successful on his breach of contract claim against SFBLIC, it is possible that SFBLIC may be responsible for attorney's fees. Thus, Grubb has stated a plausible claim for relief, and the motion to dismiss this claim is denied.

        ii.       Statutory Penalties and Attorney's Fees under Texas Insurance Code § 542

Next, SFBLIC alleges that Grubb failed to adequately plead his claim that SFBLIC violated Texas Insurance Code § 542.058. Record Document 10-1 at 15-16. When an insured files a claim under an insurance policy, the insured must "(1) acknowledge receipt of the claim; (2) commence any investigation of the claim; and (3) request from the claimant all [information] that the insurer reasonably believes, at that time, will be required from the claimant" within 15 days or if the insurer is "an eligible lines insurer" within 30 business days after receiving notice of the claim. Tex. Ins. Code § 542.055. If after receiving all information reasonably requested and required the insurer delays payment "for a period exceeding the period specified by other applicable statutes or, if other

6

statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items provided by Section 542.060." Tex. Ins. Code § 542.058. If an insurer is found to have violated the Prompt Payment of Claims subchapter,[2] "the insurer is liable to pay the . . . beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees." Tex. Ins. Code § 542.060.

In his complaint, Grubb alleges that SFBLIC received all information reasonably requested and required, yet delayed payment of what was due under the policy for longer than the time period allowed under the applicable statute. Record Document 1 at 4. The complaint further alleges that Grubb is entitled to recover interest on all amounts due at the rate of eighteen percent per year, in addition to reasonable and necessary attorney's fees. *Id.* Although SFBLIC argues that these allegations are insufficient, the Fifth Circuit has found strikingly similar pleadings sufficient. *See Agredano v. State Farm Lloyds*, 975 F.3d 504, 506 (5th Cir. 2020) (finding a claim pursuant to Texas Insurance Code § 542 to be sufficiently pled when the plaintiffs "pleaded that they submitted their claim and that it was denied" and "pleaded entitlement to an '18% [p]enalty [i]nterest pursuant to Ch. 542 of the Texas Insurance Code' and '[a]ttorney's fees'").

While SFBLIC acknowledges this Fifth Circuit case, it argues that the court should instead follow another district court's, albeit within the Fifth Circuit, unpublished, non-binding opinion. Record Document 10-1 at 16. If the Court were to do so, it would have to disregard binding Fifth Circuit precedent. *See Agredano*, 975 F.3d at 506. Further, in

---

[2] The Prompt Payment of Claims subchapter encompasses §§ 542.051 – 542.061 of the Texas Insurance Code.

*Agredano*, the plaintiffs failed to cite the relevant statute in their pleading, yet it was still found to be sufficient. *Id.* at 505. Here, Grubb clearly references the relevant statute and his alleged right to relief under it. *See* Record Document 1 at 4. Accordingly, SFBLIC's motion to dismiss this claim is denied.

        iii.    Violation of its Good Faith and Fair Dealing and an Unfair or Deceptive Practice in the Business of Texas Insurance Code § 541

In his complaint, Grubb alleges that SFBLIC lacked a reasonable basis to refuse to pay him under the policy and thus "violat[ed] its duty of good faith and fair dealing and [constituted] an unfair or deceptive act or practice in the business of insurance under Texas Insurance Code § 541.060." *Id.* at 5. SFBLIC alleges Grubb has failed to assert sufficient facts that indicate SFBLIC's decision to refuse payment to Grubb under the life insurance policy violated its duty of good faith or was an unfair or deceptive act or practice. Record Document 10-1 at 17. SFBLIC defends its decision to deny payment by referencing matters that are not in the original pleadings. *See id.* at 9-10, 17-18 (referencing Jason's criminal history and SFBLIC's investigative report).[3] However, in ruling on a 12(b)(6) motion to dismiss, this Court is generally limited "'to the contents of the pleadings, including attachments thereto.'" *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

Although SFBLIC properly notes that documents attached to a motion to dismiss, <u>if mentioned in the plaintiff's complaint</u> and are central to his claim, are considered a part

---

[3] SFBLIC also includes the autopsy report of Jason's death in its motion, which was not in the pleadings.

8

of the pleadings, the only document referred to in the complaint is the policy itself. Record Document 1. Thus, any documents that SFBLIC has included in its motion other than the policy will not be considered for purposes of this ruling. Given that SFBLIC has relied extensively on documents not within the Court's purview at this time, the motion to dismiss this claim is denied.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that SFBLIC's motion to dismiss [Record Document 10] is **DENIED**.

**THUS DONE AND SIGNED** this 21st day of September, 2023.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE